IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN RHOADES, ) | Civ. No. 12-00244 BMK |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART |
| ) | AND DENYING IN PART |
| vs. ) | DEFENDANT'S MOTION FOR |
| ) | SUMMARY JUDGMENT |
| INSTALLATION SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Installation Services, Inc.'s Motion For Summary Judgment (Doc. 26). After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is GRANTED IN PART and DENIED IN PART. As discussed below, Defendant is entitled to summary judgment on all claims except for Plaintiff's hostile work environment claim in Count II.

FACTUAL BACKGROUND

In October 2007, Plaintiff was hired by Division X, Inc., which is a subsidiary of Defendant. (Exhibit 1 ¶¶ 2-3; Complaint ¶ 5.) At that time, Plaintiff was hired as an Operations Manager. (Complaint ¶ 5.) In January 2008, Plaintiff was named General Manager of Division X. (Exhibit 1 ¶ 3.) On March 10, 2008,

Plaintiff was reassigned to work for Defendant to do physical installation of commercial/industrial doors. (Id. ¶ 3.) On June 5, 2008, Plaintiff suffered an injury to his back and was terminated from employment five days later. (Id. ¶ 5.)

James Kimo Ryan is the President of Defendant and Division X. Plaintiff alleges that he "was repetitively, almost daily, subjected to racial and age discrimination" by Ryan. (Plaintiff Decl'n ¶ 9.) He says Ryan called him "haole, old fart, white guy, old white guy, decrepit, frickin haole, and old haole." (Id. ¶ 10 (quotation marks omitted.)) Ryan allegedly called him these names "in front of all the other employees, as he treated everybody the same way." (Exhibit A at 72.) According to Plaintiff, this conduct occurred until he was terminated on June 10, 2008. (Exhibit F.) Ryan both hired and fired Plaintiff. (Exhibit A at 85-86.)

At the time of this alleged discrimination, Plaintiff was 48 years of age, and he is Caucasian. (Plaintiff Decl'n ¶ 4.) Plaintiff "made it very clear to Ryan" that the way he treated Plaintiff was "not only wrong, but in fact, against the law." (Id. ¶ 16.)

On November 28, 2008, Plaintiff filed a Charge of Discrimination with the Hawaii Civil Rights Commission ("HCRC").[1] (Exhibit E.) Plaintiff

---

[1] Plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission. (Exhibit E.)

stated that he was subjected to race and age discrimination, but did not mention any retaliation in the Charge.[2] (Id.)  He stated that the harassment "was verbal in nature and created a hostile and offensive work environment." (Id.)  He also noted that the last incident of discrimination was on June 10, 2008 – the date of his termination. (Id.)  On January 19, 2012, HCRC issued Plaintiff a Notice of Dismissal and a Right to Sue letter. (Plaintiff Decl'n ¶ 6.)

On April 18, 2012, Plaintiff filed this action against Defendant in state court. (Complaint at 1.)  Defendant removed this case to federal court on May 9, 2012. (Doc. 1.)  The Complaint asserts the following claims:  (1) violation of state discrimination law (Haw. Rev. Stat. § 372-2) based on race, age, and retaliation (Count I); (2) hostile work environment (Count II); (3) infliction of emotional distress (Count III); (4) retaliation under Haw. Rev. Stat. § 378-2(2) and Title VII of the Civil Rights Act of 1964, as amended (Count IV); and (5) defamation (Count V).

Defendant now seeks summary judgment on each of Plaintiff's claims.

---

[2] In his HCRC Pre-Complaint Questionnaire dated November 12, 2008, Plaintiff implied that he was retaliated against by alleging that he was "terminated from [his] position after filing a worker comp claim." (Exhibit C.)

STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(c). In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

DISCUSSION

I. Exhaustion of Administrative Remedies

Defendant argues that "Plaintiff did not exhaust his administrative remedies for his discriminatory or retaliatory termination claims." (Motion at 4.)

Defendant notes that Plaintiff's HCRC Charge did not explicitly allege discriminatory or retaliatory termination claims and that "Plaintiff informed the agency that he did not want to make claims regarding his termination." (Id.)  At the hearing on this Motion, Plaintiff argued that, although the Charge did not explicitly state claims based on his termination or Defendant's retaliation, such allegations were addressed in his HCRC Pre-Complaint Questionnaire (Exhibit C).

In French v. Hawaii Pizza Hut, Inc., 99 P.3d 1046, 1060 (Haw. 2004), the Hawaii Supreme Court noted that charges of discrimination "should be construed with the utmost liberality since they are made by those unschooled in the technicalities of formal pleading."  The Hawaii Supreme Court ruled that courts may look beyond the charge of discrimination because documents like the "HCRC investigator's notes, and . . . the HCRC Pre-Complaint Questionnaire are relevant" to determining whether claims not explicitly stated in the charge were nonetheless exhausted. Id.

Plaintiff concedes that his Charge of Discrimination does not explicitly allege retaliatory termination claims, but he directs the Court to his HCRC Pre-Complaint Questionnaire (Exhibit C).  In that Questionnaire, Plaintiff was asked to list "discriminatory adverse actions" that were taken against him.  He answered, among other things, that he was: "Terminated from my position after

filing a worker comp claim." (Exhibit C.)  In light of this allegation and considering Plaintiff's charge "with the utmost liberality," the Court concludes that Plaintiff did exhaust administrative remedies for his claim that he was terminated in retaliation for filing a worker's compensation claim.  See French, 99 P.3d at 1060.

With respect to Defendant's argument that "Plaintiff informed the agency that he did not want to make claims regarding his termination" (Motion at 4), the Court agrees that Plaintiff declined to proceed on a claim that he was terminated due to age discrimination.  According to the HCRC Intake Interview Notes, Plaintiff stated that he did "not really" believe he was terminated because of his age and that he "does not want to proceed on an age/termination allegation." (Exhibit F.)  Accordingly, any claim that Plaintiff was terminated because of his age is not before this Court.

Furthermore, neither the HCRC Charge, the Pre-Complaint Questionnaire, nor the Intake Interview Notes allege that Plaintiff was terminated from his job due to racial discrimination or in retaliation for any action other than filing a worker's compensation claim.  Therefore, the only basis for Plaintiff's termination claim is his allegation that he was terminated in retaliation for filing a worker's compensation claim.

II.        Racial Discrimination

Defendant argues that Plaintiff "cannot make a prima facie case of race discrimination because . . . no similarly situated employees were treated better." (Motion at 10.)

Plaintiff's claim for racial discrimination is brought under Haw. Rev. Stat. § 378-2. (Complaint ¶ 13.) This Court applies the McDonnell Douglas burden-shifting analysis used for Title VII claims to Plaintiff's racial discrimination claim asserted under this state statute. See Turner v. Dep't of Educ., 855 F. Supp. 2d 1155, 1179 (D. Haw. 2012) ("the Hawaii Supreme Court has applied the same McDonnell Douglas burden-shifting analysis to racial discrimination claims asserted under § 378–2(1)").

"A person suffers disparate treatment in his or her employment when he or she is singled out and treated less favorably than others similarly situated on account of race." Id. at 1172. "To prevail in a disparate treatment claim, a plaintiff must prove that the employer acted with conscious intent to discriminate." Id. Specifically, a plaintiff must establish that: "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." Id.

"By establishing a prima facie case, the plaintiff creates a presumption of discrimination."  Id.  Then, under the McDonnell Douglas burden-shifting framework, the burden of production shifts to the defendant to rebut the claim by articulating a legitimate, nondiscriminatory reason for its conduct.  Id.  "If the defendant produces a nondiscriminatory explanation, then the presumption of discrimination is dropped and the plaintiff must satisfy the original burden of persuasion."  Id. at 1172-73.

Defendant argues that Plaintiff is unable to prove his prima facie case because Plaintiff cannot present evidence establishing that similarly situated individuals outside his protected class were treated more favorably.  (Motion at 11.)  Defendant posits that "Plaintiff cannot meet this burden because Installation Services did not retain any non-white employees who were not physically capable of performing their jobs and/or submitted improper requests for reimbursement of expenses."  (Motion at 11.)  Defendant points to Ryan's declaration, in which he states that Defendant "did not retain any employees who were not physically capable of performing their jobs . . . , especially none who were younger, not white or had not complained of harassment."  (Ryan Decl'n ¶ 9.)

8

In response, Plaintiff presents no evidence that similarly situated individuals outside his protected class were treated more favorably than him. See Turner, 855 F. Supp. 2d at 1179. Rather, the only evidence in the record establishes that all of Defendant's employees were treated the same as Plaintiff. During his deposition, Plaintiff stated that Ryan called him names and that "he treated everybody the same way." (Exhibit A at 72-73, 78.) In his Declaration, Plaintiff also states: "All employees . . . were subjected to much the same abuse in one form or another." (Plaintiff Decl'n ¶ 10.) Plaintiff presents no evidence to rebut Defendant's showing that similarly situated individuals outside his protected class – or any other employee of Defendant, for that matter – were not treated more favorably than him. Therefore, Plaintiff is unable to establish a prima facie case of racial discrimination, and Defendant is entitled to summary judgment on this claim.

III.     Age Discrimination

In Count I, Plaintiff claims that Defendant violated Haw. Rev. Stat. § 378-2 by discriminating against him based on age. Defendant argues that "Plaintiff cannot make a prima facie case of age discrimination." (Motion at 8-10.)

Like with racial discrimination claims, the Hawaii Supreme Court applies "the burden-shifting analysis set forth by the United States Supreme Court

9

in <u>McDonnell Douglas</u>" for age discrimination claims brought under Haw. Rev. Stat. § 378-2. <u>French</u>, 99 P.3d at 1059 n.17 (citation omitted). In order to establish a prima facie case of age discrimination, Plaintiff must show that (1) he was a member of a protected class, (2) he was similarly situated to other employees who are not members of the protected class, and (3) employees not members of the protected class were treated more favorably than him. <u>See id</u> at 1059. With respect to the latter elements, Plaintiff must "identify members who do not belong to the protected class[,] demonstrate that [he] is similarly situated to the relevant individuals," and demonstrate that those individuals were treated better than him. <u>Id.</u>

In response to Defendant's argument that Plaintiff cannot establish a prima facie case, Plaintiff presents no argument or evidence showing that he was similarly situated to other employees who are not close to his age or that those employees were treated more favorably than him. Rather, as with the racial discrimination claim addressed above, the evidence in the record establishes that all of Defendant's employees were treated the same as Plaintiff. (Exhibit A at 72-73, 78; Plaintiff Decl'n ¶ 10.) Therefore, Plaintiff fails to establish a prima facie case of age discrimination, and Defendant is entitled to summary judgment on this claim.

IV.	Retaliation

In Count IV, Plaintiff asserts that Defendant unlawfully retaliated against him in violation of Haw. Rev. Stat. § 378-2(2) and Title VII of the Civil Rights Act of 1964.  (Complaint ¶ 20.)  Defendant seeks summary judgment on this claim, arguing that "Plaintiff cannot make a prima facie case of retaliation because he cannot show any causal link between alleged protected activity and Installation Services terminating him."  (Motion at 11.)

"The elements of a prima facie case of retaliation under Title VII are (1) engagement by a plaintiff in a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action."  Dowkin v. Honolulu Police Dept., Civ. No. 10-00087 SOM-LEK, 2011 WL 3882844, at *5 (D. Haw. Sept. 2, 2011).  "Under Hawaii law, a plaintiff must establish similar elements."  Id.  "A plaintiff must show that first, he or she either opposed a practice forbidden by Hawaii law, or filed a complaint, testified, or assisted in any proceeding respecting a prohibited discriminatory practice; second, that the plaintiff's employer discriminated against the plaintiff; and third, that there is a causal link between the protected activity and the adverse action."  Id.

After reviewing Plaintiff's HCRC Charge, Pre-Complaint Questionnaire, and Intake Interview Notes "with the utmost liberality," the Court notes that the only document wherein retaliation is alleged is Plaintiff's Pre-Complaint Questionnaire.  See French, 99 P.3d at 1060.  In that document, Plaintiff simply states that he was "terminated from [his] position after filing a worker comp claim."  (Exhibit C.)  Therefore, construing Plaintiff's HCRC documents liberally, the only retaliation claim before the Court is Plaintiff's allegation that he was terminated from employment after filing a worker's compensation claim.

Defendant does not dispute that Plaintiff engaged in a protected activity by filing a worker's compensation claim or that his termination was an adverse employment action.  See Dowkin, 2011 WL 3882844, at *5.  However, Defendant argues that Plaintiff is unable to establish any causal link between the protected activity (filing a worker's compensation claim) and the adverse employment action (termination from employment).  (Motion at 11-13.)

Plaintiff presents no evidence establishing any causal link between filing a worker's compensation claim and being fired.  Rather, the evidence before the Court shows that Plaintiff did not believe he was fired for filing a worker's compensation claim.  During his intake interview at HCRC, when asked why he believed he was terminated, he responded that he was "[p]ositive that it's because

12

of his back injury." (Exhibit F.) Although he also told the interviewer he was fired because of his age, he later stated that "that's not really it" and declined to "proceed on an age/termination allegation." (Id.)

Even during his deposition, Plaintiff did not state that he believed he was terminated due to retaliation.

> Q   Did you believe at that time that your injury was the cause of your termination?
> A   I believe it was in part the cause of my termination.
> Q   Can you tell me any other reason why you believe you were terminated?
> A   I believe I was terminated because I was being – I was terminated simply because they didn't want me around any more. I was terminated because of discrimination, I was terminated because I was a haole, I was terminated because I was too old to do the business, I was terminated because of personalities, I was terminated because somebody was angry, I was terminated and told by Kimo – no, I'm sorry, told by Dean that he literally asked Edwina to write something up and send it back to him and he'd sign it.

(Exhibit A at 54, 61.)

Although Plaintiff's Pre-Complaint Questionnaire indicated he was terminated in retaliation for filing a worker's compensation claim, no evidence in the record supports that allegation. Plaintiff has not overcome his burden of establishing a prima facie case of retaliation under Haw. Rev. Stat. § 378-2(2) and Title VII. Summary judgment in Defendant's favor on this claim is appropriate.

V.   Count II for Hostile Work Environment

  In Count II, Plaintiff alleges that the verbal abuse "created a hostile work environment based upon discrimination." (Complaint ¶ 16.) Defendant contends that Plaintiff cannot meet the elements of a hostile work environment claim.

  Under Hawaii law, in order to establish a hostile work environment claim for racial or ageist harassment, Plaintiff must prove that (1) he was subjected to conduct of a racial or ageist nature, (2) that was unwelcome, and (3) "the conduct was severe or pervasive and served the purpose of interfering with his work performance or creating an intimidating, hostile, or offensive work environment." <u>Chenoweth v. Maui Chem. & Paper Prods., Inc.</u>, Civ. No. 07-00092 DAE-KSC, 2007 WL 3254858, at *3 (D. Haw. Nov. 5, 2007).

  Defendant posits that Plaintiff cannot meet the elements of a hostile work environment claim because "Ryan did not use ageist or racist comments toward Plaintiff" and because "any alleged harassment was not severe or pervasive." (Motion at 21-22.)

  According to Ryan's declaration, he "did not call Plaintiff 'haole,' 'white guy,' 'old white guy,' 'old and decrepit' or in 'bad shape.'" (Ryan Decl'n ¶ 10; Motion at 22.) However, according to Plaintiff, "Ryan continually called

14

[him] 'haole,' 'old fart,' 'white guy,' 'old white guy,' 'decrepit,' 'frickin haole,' and 'old haole.'" (Plaintiff Decl'n ¶ 10; <u>see generally</u> Exhibits A, C, F.)  Clearly, Ryan and Plaintiff dispute whether any name-calling occurred at all.

Moreover, Defendant's argument that "any alleged harassment was not severe or pervasive" is also based on Ryan's declaration that he did not call Plaintiff those names.  (Motion at 22 ("Because Kimo Ryan did not call Plaintiff 'haole,' 'white guy,' 'old white guy,' 'old and decrepit' or in 'bad shape,' Plaintiff will be unable to prove he was subjected to severe or pervasive conduct."))  The dispute whether Ryan called Plaintiff those names is a material issue of fact that goes to each element of Plaintiff's hostile work environment claim.  <u>Chenoweth</u>, 2007 WL 3254858, at *3.  Accordingly, summary judgment on this claim is not warranted.

VI.	Count III for Infliction of Emotional Distress

Defendant argues that Plaintiff's claim for intentional infliction of emotional distress is time-barred.  (Motion at 26.)  Plaintiff's opposition memorandum does not address the timeliness of his emotional distress claim.

In determining the statute of limitations for Plaintiff's emotional distress claim, this Court turns to state law for the limitations period.  <u>Linville v. State of Hawaii</u>, 874 F. Supp. 1095, 1104 (D. Haw. 1994).  Section 657-7 of the

Hawaii Revised Statutes provides: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after." Haw. Rev. Stat. § 657-7. This limitations period applies to Plaintiff's claim for infliction of emotional distress. See Linville, 874 F. Supp. at 1104.

According to Plaintiff, Defendant's actions that caused him emotional distress "continued right up to the time of termination in June 2008." (Opp. at 6.) Plaintiff did not file this action until April 18, 2012, which is more than two years after the alleged harassment occurred. (Complaint at 1.) Consequently, Plaintiff's claim for infliction of emotional distress is barred by the statute of limitations set forth in Haw. Rev. Stat. § 657-7. Defendant is entitled to summary judgment on this claim.

VII.        Count V for Defamation

Defendant argues that Plaintiff's claim for defamation is time-barred. (Motion at 23.) Plaintiff's opposition memorandum does not address the timeliness of his defamation claim.

Defamation actions are governed by Haw. Rev. Stat. § 657-4, which provides that such actions "shall be commenced within two years after the cause of action accrued, and not after." Bauernfiend v. AOAO Kihei Beach Condos.,

99 Haw. 281, 282 n.4 (2002).  Plaintiff's defamation claim is based on statements made by Ryan while Plaintiff worked for him.  Plaintiff was terminated from his job on June 19, 2008 and filed this action on April 18, 2012.  (Complaint at 1, 5.) Inasmuch as the Complaint was filed more than two years after he was terminated from his employment, Plaintiff's claim for defamation is barred by the statute of limitations.  Haw. Rev. Stat. § 657-4.  Defendant is entitled to summary judgment on the defamation claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Summary Judgment (Doc. 26). Defendant is entitled to summary judgment on all claims except Plaintiff's hostile work environment claim in Count II.

DATED:  Honolulu, Hawaii, January 31, 2013.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Rhoades v. Installation Services, Inc., Civ. No. 12-00244 BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.